UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SHIPOIL LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>M/V CAPTAIN P. EGGLEZOS, IMO No. 9332224, her engines, freights, apparel, appurtenances, tackle, etc., in rem,<br><br>Defendant. | : | IN ADMIRALTY<br><br>NO. 1:25-cv-02760-CPO-AMD<br><br>Motion Day: September 15, 2025 |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO**
**STRIKE THE DECLARATION OF SEAN M. COSTIGAN AND EXHIBITS A-F (ECF 47)**

Notis Marine SA ("Notis" or "Owners"), Owners of the M/V CAPTAIN P. EGGLEZOS, IMO No. 9332224, her engines, freights, apparel, appurtenances, tackle, etc. (sued *in rem*) (hereafter "M/V CAPTAIN P. EGGLEZOS" or "the Vessel"), pursuant to a Restricted Appearance in accordance with Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supp. R.") Rule E (8), by and through their undersigned counsel[1] submits this Motion to Strike the Declaration of Sean M. Costigan along with the exhibits A-F attached thereto (ECF 47) which was submitted in opposition to the Defendant's Motion to Vacate Plaintiff's Arrest of the Vessel.

1. Pursuant to its Verified Complaint with Prayer for Warrant of Arrest filed on April 16, 2025 (ECF-1), Plaintiff arrested the M/V CAPTAIN P. EGGLEZOS after the Vessel completed discharge while she was alongside the dock in Paulsboro, New Jersey.

[1] Notis Marine S.A. as owner of the M/V CAPTAIN P. EGGLEZOS has entered its restricted appearance by its counsel Tisdale & Nast Law Offices, LLC. Pursuant to Rule E(8) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, said appearance is strictly limited to this claim.

2. On April 25, 2025, Defendants posted a Letter of Undertaking ("LOU") in favor of Shipoil as security for its claim in lieu of the Vessel without prejudice to any and all of the Defendant's rights to contest the Vessel arrest.

3. On May 21, 2025, the Defendant moved to Vacate the Maritime Arrest pursuant to Supplemental Admiralty Rules E(4)(f). (ECF16, 17).

4. On June 2, 2025, Plaintiff served its Opposition to Defendant's Motion to Vacate. (ECF 22).

5. On June 9, 2025, the Defendant served its Reply in Further Support of the Motion to Vacate the Maritime Arrest. (ECF 25).

6. The Court held a status conference on July 16, 2025, addressing the need for the submission of further evidence on specific points raised in the motion. The Court ordered that the parties confer and agree about whether to present live witness testimony at the oral argument or, if they are unable to do so, submit affidavits to the Court. (ECF 39). (A copy of the transcript of the status conference is attached hereto as Exhibit A).

7. At the July 16, 2025, status conference, the Court expressly ordered that the parties submit no further briefing.

THE COURT: I'm not taking any – let me be very clear.

> I'm not taking any more briefs. You briefed it. The briefs are done. I'm saying based on what you submitted, we're going to have a hearing.
>
> I expect there to be some testimony, because the defendant has raised issues that that plaintiff has not, as of right now, submitted in their papers.
>
> I'm not taking any more briefs. You're going to have a hearing. I'll hear whatever testimony you want. I'll make a decision.

(Ex. A, pg. 14).

8. On July 18, 2025, the parties submitted their proposal about how they wished to proceed with the hearing. (ECF 41). In it, counsel for the Plaintiff and Defendant agreed that they would submit affidavits on August 4, 2025 and August 21, 2025, respectively. Oral argument of the motion was adjourned from July 30, 2025 to September 15, 2025 at 11:00 a.m.

9. As part of its August 4, 2025 submission, the Plaintiff filed the Declaration of Sean M. Costigan (ECF 47), one of Plaintiff's attorneys, which attached as Exhibits A-F six cases from various courts of the United States, four of which have not been cited in any of the briefs previously submitted, with the request that the Court take judicial notice of them. (*Id.*, ¶ 4). This is nothing more than a sur-reply brief dressed as a declaration.

10. First, submitting a further brief is contrary to the Court's July 16, 2025 Order. Furthermore, it violates the Local Rules of this Court which provide: "No sur-replies are permitted without permission of the judge to whom the case is assigned." See, U.S.Dist.Ct.Rules D.N.J., L.Civ. R. 7.1(d)(6).

11. Moreover, without explanation as to the holdings of the cases about which Plaintiff asks the Court to take judicial notice, Defendant and this Court are left without guidance about the alleged import of these cases. The declaration is a misguided attempt by Plaintiff to do an "end around" the Court's Order.

12. Costigan Exhibits H thru J purport to be articles about foreign law, the submission of which we will not contest in this motion since they presumably related to Plaintiff's opposition to the laches section of Defendant's Motion to Vacate. Costigan Exhibit G is a declaration of foreign law submitted by Brazilian counsel for the Bunker Supplier. Defendant will address the admissibility and credibility and the presiding Court's handling of it in Defendant's submission.

For purposes of this motion, we do not believe Exhibits G thru J violate the Court's Order or the Local Rules.

WHEREFORE, based upon the foregoing, Defendant prays that this Court strike the Declaration of Sean M. Costigan and exhibits A through F attached thereto.

Dated: August 12, 2025
New York, NY

Attorneys for the Defendant,

/s/ *Timothy J. Nast*

Timothy J. Nast
Thomas L. Tisdale (*pro hac vice forthcoming*)
Tisdale & Nast Law Offices, LLC
10 Spruce Street
Southport, CT 06890
New York, NY 10174
Tel: 203-254-8474
*ttisdale@tisdale-law.com*
*tnast@tisdale-law.com*

**CERTIFICATE OF SERVICE**

I, Timothy J. Nast, hereby certify that the foregoing pleading was served via the Court's E-filing system on August 12, 2025.

/s/ *Timothy J. Nast*
Timothy J. Nast